IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUGUSTUS HEBREW EVANS, Jr. ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 15-270-SLR |
| ) | |
| DAVID PIERCE, Warden, and ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

At Wilmington this ~4th~ day of December, 2015, having reviewed the above captioned case, the court will dismiss petitioner August Hebrew Evans, Jr.'s ("petitioner") pro se petition for a writ of error coram nobis pursuant to the all writs act (D.I. 2) and his Rule 60(b)(6) motion for relief from judgment (D.I. 9), for the reasons that follow:

1. **Background.** In 2007, petitioner was convicted of second degree assault, aggravated menacing, resisting arrest, and two counts of possession of a deadly weapon during the commission of a felony ("PDWDCF"). *See Evans v. State*, 968 A.2d 491 (Table), 2009 WL 367728, at *2-3 (Del. Mar. 16, 2009). He was sentenced as a habitual offender to seventy-nine years of incarceration at Level V, suspended after seventy-two years for a period of probation. *Id.* The Delaware Supreme Court affirmed petitioner's convictions and sentences on direct appeal. *Id.*

2. In June 2009, petitioner filed a Rule 61 motion for postconviction relief challenging his 2007 convictions and sentences. *See State v. Evans*, 2009 WL 2219275 (Del Super. Ct. July 6, 2009). The Delaware Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision. *See Evans v. State*, 985 A.2d 390 (Table), 2009 WL 3656085 (Del. Dec. 16, 2009).

3. In February 2010, petitioner filed in this court an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Evans v. Phelps*, 2012 WL 1134482 (D. Del. Apr. 2, 2012). The Honorable Leonard P. Stark denied the application in April 2012 after determining that the claims lacked merit. *Id.* at *14. Petitioner appealed, and the Court of Appeals for the Third Circuit declined to issue a certificate of appealability and terminated the appeal. *See Evans v. Phelps*, C.A. No. 12-2159 (3d Cir. Oct. 4, 2012). Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied on April 22, 2013. *See Evans v. Phelps*, 133 S.Ct. 2007 (2013).

4. In March 2015, petitioner filed in this court the instant petition for a writ of error coram nobis with respect to his 2007 convictions. (D.I. 2) He contends that his convictions are illegal, and he seeks immediate release from custody.

5. In April 2015, petitioner filed an application in the Court of Appeals for the Third Circuit requesting authorization to file a second or successive habeas application. (D.I. 9 at 3) The Third Circuit denied the application because petitioner failed to satisfy the requirements for obtaining such authorization. (D.I. 9 at 3-4); *see In re Evans*, C.A. No. 15-1726 (3d Cir. Apr. 9, 2015).

6. On May 27, 2015, petitioner filed in this proceeding a Rule 60(b)(6) motion for reconsideration seeking relief from the Third Circuit's refusal to permit him to file a

2

second or successive habeas application, and/or seeking relief from the denial of his first § 2254 application in 2012. (D.I. 9)

7. **Standard of Review.** Federal courts have authority to issue a writ of error coram nobis under the all writs act, which permits "courts established by an Act of Congress" to issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651. The availability of coram nobis relief is limited to situations where the petitioner's sentence has been served, the petitioner shows exceptional circumstances and continuing collateral disadvantages, and alternative remedies (such as habeas corpus) are not available. *United States v. Denedo*, 556 U.S. 904, 911 (2009). *Id.* at 911. Significantly, however, coram nobis relief is not available in federal court as a means of attacking a state court judgment. *See Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003). Rather, a person seeking coram nobis relief with respect to a state court conviction must pursue such relief in state court, not federal court. *Id.*

8. As for Rule 60(b) motions for reconsideration, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have

3

prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

9. Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A court may grant a Rule 60(b) motion only in extraordinary circumstances, [1] and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

10. Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied a petitioner's § 2254 application, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the Court of Appeals and, absent such authorization, a district court cannot

---

[1] *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

4

consider the merits of a subsequent application. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

11. **Discussion.** In this case, petitioner challenges the legality of his 2007 Delaware Superior Court convictions and sentences for second degree assault, aggravated menacing, resisting arrest, and two counts of PDWDCF. (D.I. 2 at 1-24) The court's power of coram nobis review is limited to challenges associated with federal convictions. Thus, to the extent the instant filing may be considered a "true" petition for a writ of coram nobis, it is dismissed for lack of jurisdiction.

12. Petitioner also seeks relief via a Rule 60(b)(6) motion for reconsideration. To the extent petitioner requests relief from the Third Circuit's denial of his application for permission to file a second or successive habeas application, he must pursue such relief in the Third Circuit, not in this court. To the extent petitioner's Rule 60(b)(6) motion asks this court to reconsider the 2012 denial of his first federal habeas application, the Rule 60(b)(6) motion is not a "true" Rule 60(b) motion, because it does not attack the manner in which the decision denying petitioner's first habeas application was procured. Rather, the arguments in the motion challenge petitioner's underlying convictions and either reasserts the arguments petitioner presented in the § 2254 application that was denied in 2012, or asserts arguments that could have been presented in his first federal habeas application. (D.I 24 at 20-31) Since petitioner's first federal habeas application was denied on the merits and the instant motion challenges the same 2007 convictions that were challenged in that first application, the court concludes that the instant motion constitutes a second or successive habeas application within the meaning of 28 U.S.C. § 2244.

5

13. Although petitioner attempts to avoid the second or successive bar by arguing that the *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) and *Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014) decisions constitute a "new rule of constitutional law" for § 2244(b)(2)(A) purposes, the court is not persuaded. *Cox* is a decision issued by the Third Circuit and, therefore, cannot constitute a "new rule of constitutional law" for § 2244(b)(2)(A) purposes. In *Martinez*, the Supreme Court held for the first time that inadequate assistance of counsel during an initial-review state collateral proceeding may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel. *Martinez*, 132 S.Ct. at 1320. Whether or not *Martinez* triggers the § 2244(b)(2)(A) exception to the second or successive bar is an issue that must be determined by the Third Circuit Court of Appeals, and not by this court. Given these circumstances, the court can only consider the merits of instant motion/habeas application if the Third Circuit Court of Appeals granted petitioner permission to file it here.

14. Petitioner does not assert that the Third Circuit Court of Appeals authorized the filing of the pending motion/application; indeed, petitioner has filed as an exhibit an order by the Third Circuit denying his request for authorization to file a second or successive habeas application. Accordingly, the court will dismiss the instant Rule 60(b)(6) motion/second or successive habeas application for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

15. Finally, even if the court were to construe the instant filing as true Rule 60(b)(6) motion, petitioner's argument that *Martinez* and *Cox* together constitute an "extraordinary circumstance" justifying relief under Rule 60(b)(6) is not convincing. First, petitioner's reliance on *Martinez* is misplaced, because petitioner's first application was denied on the merits and not as procedurally barred. Second, the Rule 60(b)(6) motion itself is time-barred. In *Cox*, the Third Circuit opined that a Rule 60(b)(6) motion for reconsideration based on *Martinez* will fail unless it "was brought within a reasonable time of that decision." *Cox*, 757 F.3d at 115-116. Petitioner filed the instant Rule 60(b)(6) motion on May 27, 2015, almost three full years after the issuance of the *Martinez* decision on March 20, 2012, and he does not provide any reason for this delay. Although the Third Circuit did not define what constitutes a reasonable time for filing a Rule 60(b)(6) motion premised on *Martinez*, the court concludes that waiting almost three full years to file the instant motion does not satisfy the "reasonable time" requirement. *See Moolenaar*, 822 F.2d at 1348 (holding that two-year delay was not a reasonable time to bring a Rule 60(b)(6) motion); *Ackerman v. United States*, 340 U.S. 193, 202 (1950); *see also Azbuko v. Bunker Hill Cmty. Coll*, 442 F. App'x 643, 644 (3d Cir. 2011)(per curiam)("[B]ecause [plaintiff] has provided no explanation for his delay in filing, we agree with the District Court that he has not filed his motion within a reasonable time of the order that he seeks to challenge."); *Choi v. Kim*, 258 F. App'x 413, 415 (3d Cir. 2007).

16. To the extent one may be necessary, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

17. **Conclusion.** For the above reasons, the court will dismiss the instant petition for a writ of coram nobis and petitioner's Rule 60(b)(6) motion for reconsideration. Based on the foregoing, petitioner's pending motions (D.I. 5; D.I. 7; D.I. 8; D.I. 17) will be dismissed as moot. A separate order shall issue. *See* Fed. R. Civ. P. 58(a).

_____
UNITED STATES DISTRICT JUDGE