IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUGUSTUS HEBREW EVANS, Jr. ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 15-270-SLR |
| ) | |
| DAVID PIERCE, Warden, and ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

1. **Background.** In 2007, petitioner was convicted of second degree assault, aggravated menacing, resisting arrest, and two counts of possession of a deadly weapon during the commission of a felony ("PDWDCF"). *See Evans v. State*, 968 A.2d 491 (Table), 2009 WL 367728, at *2-3 (Del. Mar. 16, 2009). He was sentenced as a habitual offender to seventy-nine years of incarceration at Level V, suspended after seventy-two years for a period of probation. *Id.* The Delaware Supreme Court affirmed petitioner's convictions and sentences on direct appeal. *Id.*

2. In June 2009, petitioner filed a Rule 61 motion for postconviction relief challenging his 2007 convictions and sentences. *See State v. Evans*, 2009 WL 2219275 (Del. Super. July 6, 2009). The Delaware Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision. *See Evans v. State*, 985 A.2d 390 (Table), 2009 WL 3656085 (Del. Dec. 16, 2009).

3. In February 2010, petitioner filed in this court an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Evans v. Phelps*, 2012 WL 1134482 (D. Del. Apr. 2, 2012). The Honorable Leonard P. Stark denied the application in April 2012 after determining that the claims lacked merit. *Id.* at *14. Petitioner appealed, and the Court of Appeals for the Third Circuit declined to issue a certificate of appealability and terminated the appeal. *See Evans v. Phelps*, C.A. No. 12-2159 (3d Cir. Oct. 4, 2012). Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied on April 22, 2013. *See Evans v. Phelps*, 133 S.Ct. 2007 (2013).

4. In March 2015, petitioner filed in this court a petition for a writ of error coram nobis with respect to his 2007 convictions. (D.I. 2)

5. In April 2015, petitioner filed an application in the Court of Appeals for the Third Circuit requesting authorization to file a second or successive habeas application. (D.I. 9 at 3) The Third Circuit denied the application because petitioner failed to satisfy the requirements for obtaining such authorization. (D.I. 9 at 3-4); *see In re Evans*, C.A. No. 15-1726 (3d Cir. Apr. 9, 2015).

6. On May 27, 2015, petitioner filed in this proceeding a Rule 60(b)(6) motion for reconsideration seeking relief from the Third Circuit's refusal to permit him to file a second or successive habeas application, and/or seeking relief from the denial of his first § 2254 application in 2012. (D.I. 9)

7. In a memorandum and order dated December 22, 2015, this court dismissed the petition for a writ of error coram nobis for lack of jurisdiction, and dismissed his Rule 60(b) motion for lack of jurisdiction because it constituted an unauthorized second or successive habeas application. (DI. 20)

8. Presently pending before the court is petitioner's motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 59(e) (D.I. 26) and a motion for an evidentiary hearing (D.I. 27).

9. **Standard of Review.** A motion for reargument/reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reargument/ reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. See *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance, Federal Rule of Civil Procedure 59(e) is "a device [] used to allege legal error," *id.*, and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. See *Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. See *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reargument is not appropriate to reargue issues that the court has already considered and decided. See *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

10. In contrast, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant

circumstances. *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A court may grant a Rule 60(b) motion only in extraordinary circumstances. *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

11. Additionally, when a district court is presented with a motion for reconsideration after it has denied a petitioner's § 2254 application, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the Court of Appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. *See* 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

12. **Discussion.** Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court denied petitioner's petition for writ of error coram nobis and his Rule 60(b) motion on December 8, 2015. (D.I. 20) Petitioner's Rule 59(e) motion is dated January 8, 2015. Excluding the day on which the judgment was entered as dictated by Federal Rule of Civil Procedure 6(a)(1)(A), and using January 8, 2016 as the relevant

4

filing date under the prisoner mailbox rule, the court concludes that the instant motion is untimely because it was filed thirty-one days after the entry of the court's judgment. Therefore, the court will deny the Rule 59(e) motion as untimely.

13. To the extent the court should therefore construe the instant motion as filed pursuant to Federal Rule of Civil Procedure Rule 60(b), it is similarly unavailing. Since the instant motion for reconsideration essentially asks this court to reconsider the 2012 denial of petitioner's first federal habeas application, the Rule 60(b) motion is not a "true" Rule 60(b) motion. Rather, the arguments in the motion challenge petitioner's underlying convictions, and the motion either reasserts the arguments petitioner presented in the § 2254 application that was denied in 2012, or asserts arguments that could have been presented in his first federal habeas application. As such, the court concludes that the instant motion constitutes a second or successive habeas application within the meaning of 28 U.S.C. § 2244.

14. Petitioner does not allege that the Third Circuit Court of Appeals authorized the filing of the pending motion/application. Accordingly, to the extent the instant filing should be construed to be a Rule 60(b) motion, the court will dismiss the motion/second or successive habeas application for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

15. Given the court's determination that the instant motion for reconsideration must be denied, the court will dismiss as moot petitioner's motion for an evidentiary hearing (D.I. 27). Additionally, to the extent one may be necessary, the court declines

to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

16. **Conclusion.** For the above reasons, the court will dismiss the instant motion for reconsideration and petitioner's related motion for an evidentiary hearing. A separate order shall issue.

Dated: August 17, 2016

_____
UNITED STATES DISTRICT JUDGE